UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

PAUL EDWARD JOHNSON, MARCIE HENNING,

NADA VAN ASCH,

                 Plaintiffs,            Case No: 23-cv-2130 (PJS/DTS)

Vs.                             DEMAND TRIAL BY JUDGE

                                Under 28 U.S.C. 1332

FRANKLIN REED, TODRICK BARNETTE,

SCOTT JERRY SEILER, SEILER LAW FIRM,

STATE OF MINNESOTA,



                 Defendants,

- Sued in their official and private capacities

RECEIVED
JUL 13 2023
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

_____

COMPLAINT PARTIES:

1.     PLAINTIFFS,

a.     Paul Edward Johnson

1907 Willow Ave N. Minneapolis, MN 55411.    # 612-306-2987

b.     Marcie Henning

1907 Willow Ave N, Minneapolis, MN 55411.   # 612-306-2987

c.     Nada Van Asch

1907 Willow Ave N. MInneapolis, MN. 55411.  # 612-306-2987


2.     DEFENDANTS,


a.     Franklin Reed,            "Referee in the Hennepin County District Courts"

Hennepin County Courthouse

300 South Sixth Street

Minneapolis, MN. 55487-0332


b.     Todrick Barnette,            "Chief Judge Of District Court Hennepin County"

Hennepin County Courthouse

300 South Sixth Street

Minneapolis, MN. 55487-0332

612-348-7797


c.     Scott Jerry Seiler,          "Founder of Seiler Law Firm and attorney at law"

800 Transfer Road,

Suite 100,

St. Paul, MN. 55114

612-396-9292

d.      Seiler Law Firm,           "Law Firm owned by Scott Jerry Seiler"

800 Transfer Road

Suit 100,

St. Paul, MN 55114

612-396-9292


e.      State Of Minneasota        "Attorney for the State of Minnesota"

445 Minnesota Street,

Suite 1400

St. Paul, MN. 55101

651-296-3353


## JURISDICTION AND VENUE:


3. CONSTITUTIONAL CIVIL RIGHTS VIOLATIONS Under U.S.C. 28 1332

FEDERAL QUESTION


A.      14th AMENDMENT

[1]     All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

B.    4th AMENDMENT   The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

## COMPLAINT FACTUAL ALLEGATIONS TO ALL COUNTS

7.    Referee Franklin Reed on the date 12-29-2022 made entry into the court register of actions to change the time of the hearing from 1:30 pm to 9:00am for the sole purpose of aiding Attorney at law Scott Jerry Seiler in gaining a win by default in that proceeding.

8.    In the register of actions it was entered that this time change was done on the date 11-15-2022 which was done so maliciously as the evidence shows that the change was never done on that day.

9.    I am providing the District Court with a copy of the Register of Actions obtained from a paralegal at the Anoka county Public Defender's Office as a true and correct copy of the record in its true and full form.

10.    Clearly in all the other proceedings all the records were kept in accordance with the rules of court and the records were accurate as to the true occurrences of the court actions so it is obvious as to the intentions of this schedule change being a part of Collusion with this attorney at law and my testimony and evidence I provide to this court will prove and show this to be fact and as a result a violation of my constitutional civil rights and a violation of the Minn rules of professional conduct, and a violation of 609 Minnesota Codes of 1963.

11.     Attached is a copy of the true and correct Register of Actions for case number 27-CV-HC-22-6118 in housing court. In this register of actions on the date of 12-29-2022 you will see that the Judicial Officer on that calendar

12.     ordered the time of the hearing changed from 1:30 pm that day to the time of 9:00 am. Also as a part of the entry you will clearly see that there was an entry made as to the Date that the entry was made for the time and it stated that the Date the schedule was changed was on the Date 11-15-2022.

13.     However looking back to the same register of actions on the Date shown that this entry was made you will see that the registry correctly shows the date previous to the Date 11-15-2022 of 10-30-2022, then proceeds to the next correct and true record of the Date 12-15-2022.

14.     The evidence is clear as to the entry as being stated as being entered on the Date 11-15-2022 did not actually transpire on that day and that the Date was actually done on the day of and before the court scheduled time to aid in the attempt to gain a win by default which is in support of my claims of the Referee Franklin Reed and the Attorney At Law Scott Jerry Seiler actually being in collusion throughout these unlawful detainer and Eviction attempts against my family.

15.     SEE EXHIBIT 1 for the evidence being provided in support of the forgoing claims in violation of the United States Constitutional Bill of Rights violations mentioned above.

16.     2)     On January 25th as the defendant in case 27-CV-HC-22-6118 Housing Court I filed a Motion with the court Clerk to have the Referee Franklin Reed removed from the case and to have the case heard by a District Court Judge and to have our trial before a judge and for a jury trial.

17.     This Motion was denied by the referee stating that I could not do this based on this court rule being conflict with another statute and that for this reason the statute holds legal standing to deny this motion however the statute the referee Franklin Reed

2

was referring to was not a court rule but a state statute and the ruling was in error or inconsistent with the Rules of court and the rules set forth by the Housing Court rule

18. RULE 601. APPLICABILITY OF RULES In Hennepin and Ramsey Counties, Rules 601 through 612 apply to all proceedings in Housing Court. These rules and, where not inconsistent, the Minnesota Rules of Civil Procedure, shall apply to housing court practice except where they are in conflict with applicable Statutes.

19. RULE 602. HOUSING COURT REFEREE

The housing court referee may preside over all actions brought under Minnesota Statutes, Chapter 504B, criminal and civil proceedings related to violations of any health, safety, housing, building, fire prevention or housing maintenance code, escrow of rent proceedings, landlord and tenant damage actions, and actions for rent and rent abatement. A party may request that a judge hear a case by filing such a request in writing with the court administrator at least 24 hours before the scheduled hearing date.

20. (Amended effective January 1, 2020.) Advisory Committee Comment--1999 Amendments The former chapters 504 and 566 were consolidated into and replaced by a new chapter 504B. This change is not intended to have any substantive effect other than to correct the statutory reference. (Added effective January 1, 2000.)

21. Referee Franklin Reed sited in lines 16 through 32 that " A referee may not hear a contested trial, hearing, motion, or petition if a party or attorney for a party objects in writing to the assignment of a referee to hear the matter. Minn. Stat. 484.70 subd.6 (2016). A party may request for a judge to hear a case by filing such a request in writing with the court administrator at least 1 day prior to the scheduled hearing date. Minn R. Gen. P. 602.

22. Effective August 1, 2014, Housing Court referees may not be removed for a judge Pursuant to Minn. Statute 484.013, Subd. 3. Which was amended to read:

The chief judge of the district court may appoint a referee for the housing court calendar program. The referee must be learned in law. The referee must be

compensated according to the same scale used for other referees in the district court. Section 484.70, Subd6, does not apply to the housing calendar program.

23. While Hennepin County housing court Rule 602 still allows for a judge demand, a conflict exists between the statute and the rule. Minn. Rule of G. Practice 601 addresses this conflict. Rule 601 stat (emphasis added). Therefore, Minn Stat. 484.013, Subd.3 is controlling here, and parties do not have the right to remove a referee and demand a judge in Housing Court Proceedings.

The court will Deny Defendants Motion for a judge.

24. The referees order was in violation of my rights to due process and to my constitutional civil rights when he denied my motion to be heard before a District Court Judge and a request for a jury trial. Section 484.70 states specifically this....

" Subd. 6. Objection to Referee No referee may hear a contested trial, hearing, motion or petition if a party or attorney for a party objects in writing to the assignment of a referee to hear the matter. The court shall by rule, specify the time within which an objection must be filed"

And Minn R of Gen. Practice Rule 602 is the correct procedure to take in the ruling so this ruling was in error and I was denied this right and a right to a Jury Trial as properly requested in my Motion to the court.

Complainant goes on to certify and to support the earlier before mentioned claim of deceit and collusion between the Attorney At Law Scott Jerry Seiler and Referee Franklin Reed.

Complainant alleges violations also of the Codes of Judicial Conduct and the rules of The Minnesota Board of Legal Practice as before mentioned.

Complainant submits an EX PARTE communication between the Referee Franklin Reed and the Attorney At Law Scott Jerry Seiler Dated the same day of

4

25. January 26th 2023 where in the EX PARTE communication they discussed the Defendant in case 27-CV-HC-22-6118 1. Motion for Removal of the referee and to be heard before a district court judge, 2. Complaint Order for detention of Scott Jerry Seiler for Offering of a FORGED INSTRUMENT, 3. Motion for dismissal of unlawful detainer.

This complainant brings to your attention in **EXHIBIT 2** offered as evidence in this complaint to The EX PARTE communication sent to the referee Franklin Reed from Scott Jerry Seiler on the same day these rulings were made January 26th 2023 to lines,

38, 39, Defendant Johnson has filed a "Complaint Order for Detention Scott Jerry Seiler offering forged instrument"

26. In a Judiciary position over this proceedings it would be reasonable for a Judiciary Officer and the duties of a judicial officer to make some effort into inquiry over such an allegation where not to do so would cause irreversible harm to the defendant in that case, the duty lies on the judicial officer to assure that there is no possibility of a Fraudulent document being filed and recorded before his court and some inquiry of the Criminal element being introduced into his courtroom under oath and should not be allowed to proceed to a trial with such a document.

27. **EXHIBIT 2 EX PARTE** communication between Referee Franklin Reed form Scott Jerry Seilor the court should also take notice that the attorney also stated that in lines 22, 23, 24,

The Johnson filings purport to be filed on the behalf of defendants Johnson, Henning, and VanAsch. Plaintiff objects to the extent that they are filed on the behalf of Defendants, Henning, and or Van Asch and move for the same to be struck from the record.

Lines 50, 51, state;

Thank you for your continued attention to this matter. Please do not hesitate to contact me with any directions or questions.

28. Complainant would like to point out and mention that Nada Van Asch was NEVER given representation in any of these proceedings and it has been said on the record that this defendant suffers from a lifetime of schizophrenia and is on SSI for this condition. That the defendant Marcie Henneing does not have understanding of the laws and can not represent herself and although was at first offered representation that this state offered representation removed themselves from the case making them both represent themselves in these proceedings is a constitutional civil rights violation incurred by the state agency and the Hennepin county Judicial system, and that the defendant Paul Edward Johnson was refused representation stated by the same state agency for the reason of a conflict of interest which can be verified by simply getting data from the Anoka County jail inmate phone system that records all phone calls made on an inmate's phone account.

29. All three defendants were denied representation where there is a constitutional right to have one present. The defendant Paul Edward Johnson made these filings on the behalf of all the defendants as they all hold the same standing and interests in this proceeding and where they are all subject to the same set of circumstances and damages created by the state and these state employees conducting these illegal and unethical legal rulings filings and recordings on the record.

30. Defendant Paul Edward Johnson submits for the record as well, a correct Attorney In Fact for both the Defendants, EXHIBIT 3, Marcie Marie Henning, and, EXHIBIT 4, Nada Van Asch

31. Complainants offer to the District Court for review also EXHIBIT 5 EX PARTE communication from Scott Jerry Seiler to the Referee Franklin Reed Dated January, 12th, 2023,

32. Another EX PARTE communication that i would like to bring your attention to lines 12, 13, 14, where the attorney at law Scott Jerry Seiler Mentions to the referee Franklin Reed that

6

33. In **EXHIBIT 5, "ORDER"** filed on February, 3rd, 2023, by referee Franklin Reed where in lines 7, 8, 9, 10, this Judicial Officer states the following,

For the document titled " Official complaint on Forged Instrument " Tenant argues that one of Landlord's exhibits admitted in January, 27th, 2023 TRIAL was forged. Tenant seeks relief under several criminal statutes. This court does not determine criminal matters; rather this Court only hears Housing Court matters; such as eviction actions. Eviction matters are summary in nature.

To further support the before mentioned Judicial misconduct and the civil rights violations of the complainant I would like to draw your attention now to lines

13, 14, 15, 16, 31, of the same document by Referee Franklin Reed dated February, 3rd, 2023 where the referee states.

As this court does not determine criminal matters, this is not the appropriate venue for Tenant to raise any criminal concerns. Further, Tenant had an opportunity to raise any objections to exhibits at the January, 27th, 2023 hearing. The court will not take any actions on Tenants Document entitled " Official Complaint on Forged Instrument ". "RELIEF DENIED"

34. While complainant was the defendant in case 27-CV-HC-22-6118 he clearly stated and filed for relief request prior to the TRIAL however nothing was done and the Attorney At Law was allowed to file a fraudulent Instrument in court and to proceed to a trial with the same document and then was told that the referee was unable to hear the report of a fraudulent Instrument in housing court.

35. Complainant knows that the housing court holds jurisdiction in criminal matters as well when pertaining to criminal actions being done in the courtroom while under oath and the judicial officer has a duty to hear Contested issues in all court venues especially where there lies the question of illegal activity being conducted in his courtroom.

7

36. Also in the same document Dated February 3rd 2023 from referee Franklin Reed please bring your attention to lines 21, 22, 23, 24, 25, and finally line 27, where the referee Franklin Reed stated as follows:

37. For tenants two documents requesting " injunctive relief "Tenant is requesting the court issue an order to FREEZE all potential sale attempts of the Marilyn Van Asch Home until defendants have time to 1) consult with Thomas Van Asch 2) proceed to facilitate ownership of the home as defendants Marcie Marie Henning and Nada Van Asch already stand to hold equity in the home as the granddaughters of Marilyn Van Asch.

" NEITHER PARTY HAS RAISED ANY POTENTIAL SALE OF THE PROPERTY AT ANY POINT IN THESE PROCEEDINGS "

Complainants would like to point out that these motions and relief requests were denied by the referee Franklin Reed in line 31 in the same document dated February 3rd 2023.

38. Complainant would now like to bring your attention to the next EXHIBIT being offered which is yet another EX PARTE communication between the Referee Franklin Reed and himself Scott Jerry Seiler that is Dated January 12th, 2023 that directly relates to the before mentioned relief request denials by referee Franklin Reed I offer for evidence in support: EXHIBIT 6 EX PARTE communication between Franklin Reed and Scott Jerry Seiler and bring your attention to lines 12, 13, 14, 15, which goes on to state the following:

39. My client needs to clear the property and prepare it for sale. Her attorney in fact has been trying to do so for over a year. In the meantime the interest rates climb and the buyer pool shrinks. Further delay only serves to damage the plaintiff. Thank you for your consideration, Please do not hesitate to contact me with any directions or questions.

40. Complainant would like to state that the descendants Marcie Marie Henning and Nada Van Asch being her Granddaughters and being the sole caregivers for a period exceeding the 2 year requirements by statute statute

256B.15 Claims against the estate, Subd 4, Other Survivors,   (2) a son or daughter or a grandchild who resided in the decedent medical assistance recipient's home for at least two years immediately before the parent's or grandparent's institutionalization and continuously since the date of institutionalization, and who establishes by a preponderance of the evidence having provided care to the parent or grandparent who received medical assistance, that the care was provided before institutionalization, and that the care permitted the parent or grandparent to reside at home rather than in an institution.

Subd 5, Undue Hardship, (a) Any person entitled to notice in subdivision 1a has a right to apply for waiver of the claim based upon undue hardship. Any claim pursuant to this section may be fully or partially waived because of undue hardship. Undue hardship does not include action taken by the decedent which divested or diverted assets in order to avoid estate recovery. Any waiver of a claim must benefit the person claiming undue hardship. The commissioner shall have authority to hear claimant appeals, pursuant to section 256.045, when an application for a hardship waiver is denied in whole or part.

(b) Upon approval of a hardship waiver, this paragraph applies to a claim against the decedent's real property if an individual other than the recipient's spouse had an ownership interest in the property at the time of the decedent's death and actually and continuously occupied the real property as the individual's residence for at least 180 days before the date the decedent died. If the real property is classified as the individual's homestead property for property tax purposes under section 273.124, no adjustment or recovery may be made until the individual no longer resides in the property or until the property is sold or transferred.

Subd 8 Immunity. The commissioner of human services, county agencies, and elected officials and their employees are immune from all liability for any action taken implementing Laws 2003, First Special Session chapter 14, article 12, sections 40 to 52 and 90, as those laws existed at the time the action was taken, and section 514.981, subdivision 6.

9

Subd 9, Commissioners intervention, The commissioner shall be permitted to intervene as a party in any proceeding involving recovery of medical assistance upon filing a notice of intervention and serving such notice on the other parties.

44. Complainant therefor states that the granddaughters of Marilyn Van Asch Marcie Henning and Nada Van Asch hold equity and legal standing in any proceedings relevant to the sales of the home and also hold legal possession of the home so any and all legal or rather " Illegal " attempts to file for or move for an eviction proceeding is unlawful and that stands to be evidence of why there has been an " ILLEGAL " attempt to remove them from the home using a fraudulent Instrument and false claims of rent being due as well as the falsified reasons of them only having been allowed to reside at the property for the sole reason of services rendered as stated, caring for there our grandmother for many years superseding the unlawful eviction attempt.

45. Complainant states that the previous EVICTION order dated and heard on the record on the date of 11-22-2021 file number 27-CV-HC-21-1255 which was where these proceedings started over a year ago were based on the same set of Fraudulent documents and that at that time the hearings where won as a direct result of the same type of proceedings we have had to deal with this case. The previous order was won by a win by default judgment as was the attempts in this case at every opportunity threw EX PARTE communication and other malicious attempts.

46. Claimant also brings to the court's attention that at the beginning of these proceedings the case number started out as 27-CV-HC-22-8116 and after the first appearance it was changed to 27-CV-HC-22-6118 and that was a direct correlation to Marcie Henning and Nada Van Asch not being present at the first hearing where the Attorney at law Scott Jerry Seiler made this first move for a default Judgment against Marcie Henning and Nada Van Asch.

47. Marcie was on the phone with the court clerk who could not get her the proper log in information do to the change in case numbers.

48. There is evidence to support that the home of Marilyn Van Asch is subject to quick sale attempts due to the actions of the attorney Scott Jerry Seiler and the manner in which he is proceeding with this action in a **"THIEVES AT LAW"** racketeering agenda and how the referee Franklin Reed's conclusion of law and orders are delivered.

49. EXHIBIT 7 Order Granting IFP In Forma Pauperis Application Granting IFP status Dated January 26th 2023.

50. Claimant supplies this EXHIBIT to the court for evidence that he had an order granting the ability to file motions in the court of in case file number 27-CV-HC-22-6118.

51. EXHIBIT 8 Dated February 1st 2023 which is an order of Judgement in this eviction action where the Referee Franklin Reed went to great lengths to keep ruling as a dismissal without actually mentioning the fact that the whole proceeding was allowed to transpire without actually acknowledging the fact that the whole process was allowed to take place with a fraudulent Instrument.

52. In lines 83, and 84 Referee Franklin Reed Dismissed the case stating as follows:

Dismissal: The case is dismissed. The court administrator shall enter judgment accordingly.

53. However in lines 97, 98, and 99, States the following,

The court administrator shall expunge court File 27-CV-HC-22-6118 by removing evidence of the court files existence from the publicly accessible records.

54. Claimant associates this with a deliberate attempt to cover the tracks of both himself and Scott Jerry Seiler throughout these proceedings and to further block claimants ability to file litigation and have a news investigator search and report these misconducts and civil rights violations to the general public.

55. Claimant has been barred access to the courts in the forgoing manner and as follows in evidence provided in the next EXHIBIT 9 ORDER As I attempted to access the courts for Review by a District Court Judge and to put a freeze on any sale

11

proceedings involving the home of Marilyn Van Asch as evidence shows that an illegal quick sale is pending and iminent at 1907 Willow ave n Minneapolis MN 55411

56. In an attempt to strip Marcie Henning and Nada Van Asch out of the opportunity to take rightful possession over the home as the predecessors and granddaughters of Marilyn Van Asch whom for many years were the sole caregivers and resided in the home as a family not tenants required to have lease or pay rent or to render services for exchange to live in the home.

57 All charges attempted to file on the Attorney Scott Jerry Seiler for the fraudulent and illegal attempts to take possession of a home and attempt to file actions in the court have been barred and banned by the referee Franklin Reed as the evidence I am submitting with this complaint displays.

58 Referee Franklin Reed in this EXHIBIT 9 ORDER as follows in lines 20, 21, 22, 23, 24, 25.

MOTION DENIED: defendants motion for injunctive relief is DENIED. FRIVOLOUS MOTIONS: if defendant Johnson files a frivolous motion again, defendant may be sanctioned Pursuant to Minn. Stat. 549.211. FILING FEE Defendant Paul Edward Johnson, must pay their court filing fee pursuant to Minn Stat. 357.021 before he can file any additional motions. Defendant has an In Forma Pauperis but this waiver does not apply to frivolous motion.

59. Plaintiff in this CIVIL COMPLAINT has been successfully barred from access to the courts as an indigent filer with IFP when the defendants in this case stand to be Illegally stripped of the home they rightfully possess at this time.

60. EXHIBIT 10 shows EVIDENCE that this Attorney at Law is making yet another attempt to file another EVICTION ORDER as threatened in the correspondence that was sent recently by certified mail stating he plans to proceed with the same fraudulent document or attempt a takeover once again. PLEASE SEE EXHIBIT 10 Dated February 24th 2023.

12

61. Please bring your attention to lines 14, 15, 16 of this certified correspondence from Scott Jerry Seiler which states the following.

62. PLEASE TAKE NOTICE that, pursuant to Minnesota Statutes section 504B.135, Marilyn Van Asch is hereby terminating your lease, effective as of 12:00 noon ( central standard time) on March 15, 2023 (Termination Date).

63. Claimant brings to the court's attention a few things that are unconstitutional and BRINGS TO THE ATTENTION OF THE CONSCIENCE OF THIS COURT, How in this UNITED STATES OF AMERICA WHERE WE ARE SAID TO HAVE CIVIL RIGHTS IS A DEFENDANT IN SUCH A CASE denied the right to file motions and denied representation by the courts and where a vulnerable adult is not offered or given representation in a TRIAL or where a TRIAL before a District Court Judge can be denied and a TRIAL by a JURY be denied?

64. Where a Judicial officer of the Hennepin County Judicial system with an attorney acting in a Criminal "THIEVES AT LAW" nature be allowed to do so and just seal records for there own protection.

65. EXHIBIT 11 EX PARTE Communication once again from Scott Jerry Seiler and the Referee Franklin Reed where the attorney at law correspondence was with the Judge in this case discussing the fact that Marcie Hennings attorney had dropped her.

66. The reason this is relevant is because this letter took place right before an attempt was made by the attorney Scott Jerry Seiler to again gain a win by default as Marcie and Nada were given the wrong ZOOM login information and when trying to call in and get the information from the court clerk the information simply could not be found and produced for Marcie and Nada to be able to log in to the hearing.

67. Please take notice of lines 4, 5, 8, 9, 10, 11, 12, 13, 14, where the attorney Scott Jerry Seiler again in EX PARTE communication with the referee Franklin Reed states the following.

13

68. To date, I have not received any of the following from the defendants. Further, it is my understanding that Ms Hennings Attorneys have withdrawn from the matter. The trial hereon is scheduled for January 13th 2023, at which time i will move the court for an order allowing the plaintiff to proceed by default or, in the alternative, restricting defendants from presenting witnesses and any evidence, both due to the defendants failures to file the requisite pleadings and based upon defendants "anticipated failure to respond to Plaintiff's duly served discovery"

69. Complainant was ordered to have a brief in by a time that was unattainable by the defendant, he was also denied filings due to not having filing fees and submits to this court documentation proving that had he been allowed to file in court all filings would have been timely and received by the court but due to the staging of a set up to fail by the referee Franklin Reed and Scott Jerry Seiler and the states Public Defenders Refusing him representation he was successfully barred from the court.

70. Next please see EXHIBIT 12 lines 15, 16, 17,

This is evidence in support of claims that Scott Jerry Seiler attempted another win by default judgment of Marcie Henning whos representation withdrew from case, and Nada Van Asch who as schizophrenia disorder was never offered representation. That this win by default was by the above mentioned situation where the case file number was changed so the court clerk could not find the login information for zoom.

71, EXHIBIT 13 Attorney in fact Papers from Thomas Van Asch from Marilyn Van Asch who is the home owner and in the assisted living home suspected of fraudulent billing practices. Marilyn is said to have dementia and these attorneys in fact documents are not proper and there is nothing to show these are true signatures of Marilyn Van Asch as the notary is only for the name of Thomas Van Asch and not a required notary.

72. The notary is to authenticate the true signature of the one who is authorizing the attorney in fact document and powers over said party Thomas Van Asch. We have reason to believe these signatures of Marilyn were in fact not officially her signatures and forgeries to attempt a quick sale of the home as aforementioned due to the manner

14

in which the other Lease extension agreement was forged and that there were never any requirements that put us as tenants to the home.

73. Rather we resided at the home with grandma as simply family not tenants who were required to perform duties to live here or to pay rent and as a matter of fact there was never a rent payment ever demanded of Nada Van Asch who resided at the home for 25 years or of Marcie Henning who was living in home for 20 years. Paul Johnson resided at the home for 11 years and it was only a requirement for us all to pay our own utilities.

74. The claims of nonpayment of rent and no more services needed as a means of eviction were falsified and fabricated to facilitate the selling of the home by quick sale to try to swindle Marcie and Nada out of their potentially being inheritors of the home.

75. The evidence in support of this is several different things to show this, one such thing is that Thomas stated he took Nada Van Asch out of the will which would have been done after grandma was in dementia and that the home can not be legally sold until the death of Marilyn Van Asch and that Marilyn still survives so this is clearly an attempt at a quick sale to deprive Marcie and Nada out of their rightful opportunity to stay in the home.

76. Notice on pages 1 of the attorney of fact form it only bears the signature of Thomas Van Asch and that page alone is the one with the notary when the notary by legal standards are meant to be to validate Marilyn Van Asch signatures on pages 2, 3, and 4, there is no notary.

77. Next EXHIBIT being offered as evidence is the **FRAUDULENT LEASE EXTENSION AGREEMENT** that was created and passed as an Authentic Lease agreement.

78. EXHIBIT 14 LEASE EXTENSION AGREEMENT

Please bring your attention to pages 1 thru 4 notice that page 4 states it was intentionally left blank. This was done so premeditatedly with the intentions of being

15

able to go back at any time and changing the agreement to read as one would like to add or subtract or to falsify information at will. Next we would add that there was never a requirement to pay rent nor was there ever a requirement to render services to Marilyn to stay at the home.

79. Marilyn is the grandmother of Marcie Henning who was the sole caregiver for Marilyn for many years and as time went the care needed to be provided became more and more to the point that Marcie was doing everything for grandma such as changing catheter bags, washing soiled linen, washing dishes, bathing grandmother, taking her garbage out, doing her dishes, grocery shopping, cooking for her, getting her up to walk around etc. etc. this was a full time job for marcie and it was like that for 7 years with the care becoming more and more as time went on and grandmas condition worsened.

80. Marcie did so because she loved her grandma not in lue of rent payment or a place to live as stated in the fraudulent lease agreement. Nada Van Asch has lived in the home for 25 years, Marcie for 20 years and Paul Johnson for 9 years. Never was there a lease or renters agreement this was all fabricated for the purpose of getting Marcie and Nada and Paul out of the home for a quick sale of the home.

81. Notice on page 5 of the document and how the signatures would all fit on page 4 why leave 4 blank intentionally? Look also at the numbers on page 1 thru 4 and the print at bottom of the page all line up perfectly. Why is it that page 5 does not only bear only the signatures but the print on bottom of pages don't line up and the number 5 pavement is off by an inch? Then bring your attention to the scripting on the top of page 5 the signature page and how it is a copy past print typo error which occurs when transferring text from one page to the other using the copy paste feature of the right click mouse button?

82. Page 5 does not go with pages 1 thru 4 and the Lease extension agreement is nothing we agreed to or signed. Furthermore the signatures were taken from another place unknown to us and placed with this Lease extension agreement as to try to use that page to authenticate a legal agreement signed by us and that's not the case

16

because clearly there is no reason for a lease agreement when we are the rightful people in possession of the home, and have lived here for 25 YEARS.

83    We are not tenants we are family of Marilyn Van Asch and this was created to try to Illegally remove us from the home so someone else could facilitate possession of the home and try to cheat Marcie and Nada out of the chance to own the home being Marilyn Van Asch granddaughters and living in the home all their lives gives them that right.

84.    Nada being schizophrenic will never have the opportunity to own a home should she be Unlawfully evicted neither will Marcie, Minnesota state statute 256B.15 Claims against estates states this home is a protected asset Subd 4. Other survivors.

85.    (2) a son or daughter or a grandchild who resided in the decedent medical assistance recipient's home for at least two years immediately before the parent's or grandparent's institutionalization and continuously since the date of institutionalization, and who establishes by a preponderance of the evidence having provided care to the parent or grandparent who received medical assistance, that the care was provided before institutionalization, and that the care permitted the parent or grandparent to reside at home rather than in an institution.

86.    Subd 5 Undue hardship,

(a) Any person entitled to notice in subdivision 1a has a right to apply for waiver of the claim based upon undue hardship. Any claim pursuant to this section may be fully or partially waived because of undue hardship. Undue hardship does not include action taken by the decedent which divested or diverted assets in order to avoid estate recovery. Any waiver of a claim must benefit the person claiming undue hardship. The commissioner shall have authority to hear claimant appeals, pursuant to section 256.045, when an application for a hardship waiver is denied in whole or part.

87.    (b) Upon approval of a hardship waiver, this paragraph applies to a claim against the decedent's real property if an individual other than the recipient's spouse had an ownership interest in the property at the time of the decedent's death and actually and

17

continuously occupied the real property as the individual's residence for at least 180 days before the date the decedent died. If the real property is classified as the individual's homestead property for property tax purposes under section 273.124, no adjustment or recovery may be made until the individual no longer resides in the property or until the property is sold or transferred.

Subd 9, Commissioner Intervention The commissioner shall be permitted to intervene as a party in any proceeding involving recovery of medical assistance upon filing a notice of intervention and serving such notice on the other parties.

This is the rights of Marcie and Nada and there should be no legal standing or Eviction attempt even being made on us. This entire proceeding was fraudulent and unlawful, this attorney and referee have violated our constitutional civil rights in an attempt to evict us unlawfully with created fraudulent documents, then trying to cover their tracks after doing so.

EXHIBIT 15 is 2 motions I tried to file that were rejected for lack of filing fee on that day the motions were for 1.Motion for dismissal based on Fraudulent filing which was stated on the record several times prior to trial. 2. Motion, Complaint describing Criminal aspect of filings by Scott Jerry Seiler.of forged documents for quick sale of home.

EXHIBIT 16 is a list of 3 motions I attempted to file that were rejected on that day the Date entered was January 10th where I stated before were filed but rejected for lack of payment, these Motions were 1.To gain representation ask for continuances to prepare for TRIAL as I was incarcerated at the time and did not have adequate access to the courts. As stated previously I was denied representation due to a conflict of interest but the conflict was never divulged to me. 2 To have the hearing set before a Judge of District Court and Trial by Jury. Both Motions were denied and the Motions were sent back to me at the jail I was in. 3 Freeze sales of Marilyn Van Asch home at 1907 Willow Ave N Minneapolis, MN. 55411.

18

91. EXHIBIT 17 is yet another attempt at filing documents on the Date  This was done even though I had an In Forma Pauperis in place. 1. Motion Summary Judgement and Injunctive Relief, Treble damages stated in Motion.

92. EXHIBIT 18 is a copy of notes I kept on my jail calender trying to keep up with the unreasonable demands of the court orders and filing times that were simply unattainable by me because of US mail times and the lack of representation due to denial and due to the return of all my motions in this case.

"To quote former United States President Theodore Roosevelt: "No man is above the law and no man is below it; nor do we ask any man's permission when we ask him to obey it. Obedience to the law is demanded as a right, not asked as a favor." The judges who administer justice in our countries must be seen as ethical and subject to meaningful correction when it is necessary. Nothing less than the rule of law is at stake."

93. Factual Arguable Violations Of The Minnesota Bar Association, Violations of The Minnesota Judicial Codes, Violations of The Minnesota 609. CRIM. Codes Of 1963, and for The Violations of The United States Constitutional Bill Of Rights, committed by the defendants, Scott Jerry Seiler, and Referee Franklin Reed, Under Color of Law in their Official and Private Capacities.

94. 14th amendment, Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the law.

95. Amendment V

19

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

96. Amendment V  No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

97. Amendment VII  The value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law.

98. Violations Of The Minnesota bar Association, Violations of The Minnesota Judicial Codes, Violations of The Minnesota 609 CRIM codes Of 1963, and The Violations of The United States Constitutional Bill Of Rights

99. Rule 9.Ex Parte Communication

9.01Ex Parte Communication Prohibited Ex parte communication is prohibited, except as to procedural matters not affecting the merits of the case. All communications between the courtand a party shall be in the presence of all other parties or in writing with copies to the parties or, if represented, the party's attorney, except as otherwise permitted by statute or these rules.

20

100. **9.02Disclosure**

The court shall fully disclose to all parties any prohibited ex parte communication.

101. **A JUDGE SHALL PERFORM THE DUTIES OF JUDICIAL OFFICE IMPARTIALLY, COMPETENTLY, AND DILIGENTLY.**

**Rule 2.1Giving Precedence to the Duties of Judicial Office**

The duties of judicial office, as prescribed by law, shall take precedence over all of a judge's personal and extrajudicial activities.

[1] To ensure that judges are available to fulfill their judicial duties, judges must conduct their personal and extrajudicial activities to minimize the risk of conflicts that would result in frequent disqualification. See Canon 3.

[2] Although it is not a duty of judicial office unless prescribed by law, judges are encouraged to participate in activities that promote public understanding of and confidence in the justice system.

102. **Rule 2.2Impartiality and Fairness**

A judge shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially.

103. **Rule 2.4External Influences on Judicial Conduct**

(A) A judge shall not be swayed by public clamor or fear of criticism.

(B) A judge shall not permit family, social, political, financial, or other interests or relationships to influence the judge's judicial conduct or judgment.

(C) A judge shall not convey or permit others to convey the impression that any person or organization is in a position to influence the judge.

21

## Rule 2.6 Ensuring the Right to Be Heard

(A) A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law.

## Rule 2.9Ex Parte Communications

A.      A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties or their lawyers, concerning a pending or impending matter, except as follows:

(1) When circumstances require it, ex parte communication for scheduling, administrative, or emergency purposes, which does not address substantive matters, is permitted, provided:

(a) the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication; and

(b) the judge makes provision promptly to notify all other parties of the substance of the ex parte communication, and gives the parties an opportunity to respond.

(2) A judge may obtain the written advice of a disinterested expert on the law applicable to a proceeding before the judge if the judge gives advance notice to the parties of the person to be consulted and the subject matter of the advice to be solicited, and affords the parties a reasonable opportunity to object and respond to the notice and to the advice received.

(3) A judge may consult with court staff and court officials whose functions are to aid the judge in carrying out the judge's adjudicative responsibilities, or with other judges, provided the judge makes reasonable efforts to avoid receiving factual information that is not part of the record, and does not abrogate the responsibility personally to decide the matter.

(B) If a judge inadvertently receives an unauthorized ex parte communication bearing upon the substance of a matter, the communication should be noted as received and

22

returned to the sender without review by the judge. If a judge inadvertently reviews an unauthorized ex parte communication bearing upon the substance of a matter, the judge shall make provision to notify the parties promptly of the substance of the communication and provide the parties with an opportunity to respond.

(C) A judge shall not investigate facts in a matter independently, and shall consider only the evidence presented and any facts that may properly be judicially noticed.

(D) A judge shall make reasonable efforts, including providing appropriate supervision, to ensure that this Rule is not violated by court staff, court officials, and others subject to the judge's direction and control.

## RULE 3.4: FAIRNESS TO OPPOSING PARTY AND COUNSEL

A lawyer shall not:

(a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy, or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act;

(b) falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law;

(c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;

(d) in pretrial procedure, make a frivolous discovery request or fail to make a reasonably diligent effort to comply with a legally proper discovery request by an opposing party

(e) in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused; or

23

(f) request a person other than a client to refrain from voluntarily giving relevant information to another party unless: (1) the person is a relative or an employee or other agent of a client; and (2) the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information

Preamble: A Lawyer's Responsibility  [1] A lawyer, as a member of the legal profession, is a representative of clients, an officer of the legal system and a public citizen having special responsibility for the quality of justice.

[2] As a representative of clients, a lawyer performs various functions. As an advisor, a lawyer provides a client with an informed understanding of the client's legal rights and obligations and explains their practical implications. As advocate, a lawyer zealously asserts the client's position under the rules of the adversary system. Asnegotiator, a lawyer seeks a result advantageous to the client but consistent with requirements of honest dealings with others. As evaluator, a lawyer examines a client's legal affairs and reports about them to the client or to others.

[3] In addition to these representational functions, a lawyer may serve as a third-party neutral, a nonrepresentational role helping the parties to resolve a dispute or other matter. Some of these rules apply directly to lawyers who are or have served as third-party neutrals. See, e.g., Rules 1.12 and 2.4. In addition, there are rules that apply to lawyers who are not active in the practice of law or to practicing lawyers even when they are acting in a nonprofessional capacity. For example, a lawyer who commits fraud in the conduct of a business is subject to discipline for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. See Rule 8.4.

[4] In all professional functions a lawyer should be competent, prompt, and diligent. A lawyer should maintain communication with a client concerning the representation. A lawyer should keep in confidence information relating to the representation of a client except so far as disclosure is required or permitted by the Rules of Professional Conduct or other law.

[5] A lawyer's conduct should conform to the requirements of the law, both in professional service to clients and in the lawyer's business and personal affairs. A lawyer should use the law's procedures only for legitimate purposes and not to harass or intimidate others. A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other

**24**

lawyers, and public officials. While it is a lawyer's duty, when necessary, to challenge the rectitude of official action, it is also a lawyer's duty to uphold the legal process.

[6] As a public citizen, a lawyer should seek improvement of the law, access to the legal system, the administration of justice and the quality of service rendered by the legal profession. As a member of a learned profession, a lawyer should cultivate knowledge of the law beyond its use for clients, employ that knowledge in reform of

4 the law and work to strengthen legal education. In addition, a lawyer should further the public's understanding of and confidence in the rule of law and the justice system because legal institutions in a constitutional democracy depend on popular participation and support to maintain their authority. A lawyer should be mindful of deficiencies in the administration of justice and of the fact that the poor, and sometimes persons who are not poor, cannot afford adequate legal assistance. Therefore, all lawyers should devote professional time and resources and use civic influence to ensure equal access to our system of justice for all those who because of economic or social barriers cannot afford or secure adequate legal counsel. A lawyer should aid the legal profession in pursuing these objectives and should help the bar regulate itself in the public interest.

[7] Many of a lawyer's professional responsibilities are prescribed in the Rules of Professional Conduct, as well as substantive and procedural law. However, a lawyer is also guided by personal conscience and the approbation of professional peers. A lawyer should strive to attain the highest level of skill, to improve the law and the legal profession, and to exemplify the legal profession's ideals of public service.

[8] A lawyer's responsibilities as a representative of clients, an officer of the legal system and a public citizen are usually harmonious. Thus, when an opposing party is well represented, a lawyer can be a zealous advocate on behalf of a client and at the same time assume that justice is being done. So also, a lawyer can be sure that preserving client confidences ordinarily serves the public interest because people are more likely to seek legal advice, and thereby heed their legal obligations, when they know their communications will be private.

[9] In the nature of law practice, however, conflicting responsibilities are encountered. Virtually all difficult ethical problems arise from the conflict between a lawyer's responsibilities to clients, the legal system and the lawyer's own interest in remaining an ethical person while earning a satisfactory living. The Rules of Professional Conduct often prescribe terms for resolving such conflicts. Within the framework of these rules, however, many difficult issues of professional discretion can arise. Such issues must be resolved through the exercise of sensitive professional and moral judgment guided by the basic principles underlying the rules. These principles include the lawyer's obligation to zealously protect and pursue a client's legitimate interests, within the bounds of the law, while maintaining a professional, courteous, and civil attitude toward all persons involved in the legal system.

[10] The legal profession is largely self-governing. Although other professions also have been granted powers of self-government, the legal profession is unique in this respect because of the close relationship between the profession and the processes of 5 government and law enforcement. This connection is manifested in the fact that ultimate authority over the legal profession is vested largely in the courts.

[11] To the extent that lawyers meet the obligations of their professional calling, the occasion for government regulation is obviated. Self-regulation also helps maintain the legal profession's independence from government domination. An independent legal profession is an important force in preserving government under law, for abuse of legal authority is more readily challenged by a profession whose members are not dependent on government for the right to practice.

[12] The legal profession's relative autonomy carries with it special responsibilities of self-government. The profession has a responsibility to assure that its regulations are conceived in the public interest and not in furtherance of parochial or self-interested concerns of the bar. Every lawyer is responsible for observance of the Rules of Professional Conduct. A lawyer should also aid in securing observance of these rules by other lawyers. Neglect of these responsibilities compromises the independence of the profession and the public interest which it serves.

132. [13] Lawyers play a vital role in the preservation of society. The fulfillment of this role requires an understanding by lawyers of their relationship to our legal system. The Rules of Professional Conduct, when properly applied, serve to define that relationship.

**SCOPE**

133 [14] The Rules of Professional Conduct are rules of reason. They should be interpreted with reference to the purposes of legal representation and of the law itself. Some of the rules are imperatives, cast in the terms **"shall"** or **"shall not."** These define proper conduct for purposes of professional discipline. Others, generally cast in the term "may," are permissive and define areas under the rules in which the lawyer has discretion to exercise professional judgment. No disciplinary action should be taken when the lawyer chooses either not to act or to act within the bounds of such discretion. Other rules define the nature of relationships between the lawyer and others. The rules are thus partly obligatory and disciplinary and partly constitutive and descriptive in that they define a lawyer's professional role. Many of the comments use the term "should." Comments do not add obligations to the rules, but provide guidance for practicing in compliance with the rules.

134 [15] The rules presuppose a larger legal context shaping the lawyer's role. That context includes court rules and statutes relating to matters of licensure, laws defining specific obligations of lawyers and substantive and procedural law in general. The 6 comments are sometimes used to alert lawyers to their responsibilities under such other laws.

135 [16] Compliance with the rules, as with all law in an open society, depends primarily upon understanding and voluntary compliance, secondarily upon reinforcement by peer and public opinion and finally, when necessary, upon enforcement through disciplinary proceedings. The rules do not, however, exhaust the moral and ethical considerations that should inform a lawyer, for no worthwhile human activity can be completely defined by legal rules. For example, Minnesota's Professionalism Aspirations provide guidance on best practices in situations typical in the practice of law. The rules simply provide a framework for the ethical practice of law.

136. [17] Furthermore, for purposes of determining the lawyer's authority and responsibility, principles of substantive law external to these rules determine whether a client-lawyer

27

relationship exists. Most of the duties flowing from the client-lawyer relationship attach only after the client has requested the lawyer to render legal services and the lawyer has agreed to do so. But there are some duties, such as that of confidentiality under Rule 1.6, that attach when the lawyer agrees to consider whether a client-lawyer relationship shall be established. See Rule 1.18. Whether a client-lawyer relationship exists for any specific purpose can depend on the circumstances and may be a question of fact.

[18] Under various legal provisions, including constitutional, statutory and common law, the responsibilities of government lawyers may include authority concerning legal matters that ordinarily repose in the client in private client-lawyer relationships. For example, a lawyer for a government agency may have authority on behalf of the government to decide upon settlement or whether to appeal from an adverse judgment. Such authority in various respects is generally vested in the attorney general and the state's attorney in state government, and their federal counterparts, and the same may be true of other government law officers. Also, lawyers under the supervision of these officers may be authorized to represent several government agencies in intragovernmental legal controversies in circumstances where a private lawyer could not represent multiple private clients. These rules do not abrogate any such authority.

[19] Failure to comply with an obligation or prohibition imposed by a rule is a basis for invoking the disciplinary process. The rules presuppose that disciplinary assessment of a lawyer's conduct will be made on the basis of the facts and circumstances as they existed at the time of the conduct in question and in recognition of the fact that a lawyer often has to act upon uncertain or incomplete evidence of the situation. Moreover, the rules presuppose that whether discipline should be imposed 7 for a violation, and the severity of a sanction, depend on all the circumstances, such as the willfulness and seriousness of the violation, extenuating factors and whether there have been previous violations.

[20] Violation of a rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached. In addition, violation of a rule does not necessarily warrant any other nondisciplinary remedy, such as disqualification of a lawyer in pending litigation. The rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are

28

not designed to be a basis for civil liability. Furthermore, the purpose of the rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the rule. Nevertheless, because the rules do establish standards of conduct for lawyers, a lawyer's violation of a rule may be evidence of breach of the applicable standard of conduct.

140. [21] The comment accompanying each rule explains and illustrates the meaning and purpose of the rule. The Preamble and this note on Scope provide general orientation. The comments are intended as guides to interpretation, but the text of each rule is authoritative.

141 [20] Violation of a rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached. In addition, violation of a rule does not necessarily warrant any other nondisciplinary remedy, such as disqualification of a lawyer in pending litigation. The rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. Furthermore, the purpose of the rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the rule. Nevertheless, because the rules do establish standards of conduct for lawyers, a lawyer's violation of a rule may be evidence of breach of the applicable standard of conduct.

142 [21] The comment accompanying each rule explains and illustrates the meaning and purpose of the rule. The Preamble and this note on Scope provide general orientation. The comments are intended as guides to interpretation, but the text of each rule is authoritative.

143. **RULE 4.1: TRUTHFULNESS IN STATEMENTS TO OTHERS,** In the course of representing a client, a lawyer shall not knowingly make a false statement of fact or law.

29

**144.** **Misrepresentation [1]** A lawyer is required to be truthful when dealing with others on a client's behalf, but generally has no affirmative duty to inform an opposing party of relevant facts. A misrepresentation can occur if the lawyer incorporates or affirms a statement of another person that the lawyer knows is false. Misrepresentations can also occur by partially true but misleading statements or omissions that are the equivalent of affirmative false statements. For dishonest conduct that does not amount to a false statement or for misrepresentations by a lawyer other than in the course of representing a client, see Rule 8.4.

**145.** **Statements of Fact [2]** This rule refers to statements of fact. Whether a particular statement should be regarded as one of fact can depend on the circumstances. Under generally accepted conventions in negotiation, certain types of statements ordinarily are not taken as statements of material fact. Estimates of price or value placed on the subject of a transaction and a party's intentions as to an acceptable settlement of a claim are ordinarily in this category, and so is the existence of an undisclosed principal except where nondisclosure of the principal would constitute fraud. Lawyers should be mindful of their obligations under applicable law to avoid criminal and tortious misrepresentation.

### 609.02 DEFINITIONS.

**146.** **Subdivision 1. Crime.**

"Crime" means conduct which is prohibited by statute and for which the actor may be sentenced to imprisonment, with or without a fine.

**147.** **Subd. 2. Felony.**

"Felony" means a crime for which a sentence of imprisonment for more than one year may be imposed.

**148.** **Subd. 3 "Misdemeanor"** means a crime for which a sentence of not more than 90 days or a fine of not more than $1,000, or both, may be imposed.demeanor.

30

## 609.64 Recording, Filing of Forged Instrument

Whoever intentionally presents for filing, registering, or recording, or files, registers, or records a false or forged instrument relating to or affecting real or personal property in a public office entitled to file, register, or record such instrument when genuine may be sentenced to imprisonment for not more than three years or to payment of a fine of not more than $5,000, or both.

## 609.635 Obtaining Signature by False Pretense

Whoever, by false pretense, obtains the signature of another to a writing which is a subject of forgery under section 609.625, subdivision 1, may be punished as therein provided.

## 609.645 Fraudulent Statement

Whoever, with intent to injure or defraud, does any of the following may be sentenced to imprisonment for not more than three years or to payment of a fine of not more than $5,000, or both:

(1) circulates or publishes a false statement, oral or written, relating to a corporation, association, or individual, intending thereby to give a false apparent value to securities issued or to be issued by, or to the property of, such corporation, association, or individual; or

(2) makes a false ship's or airplane's manifest, invoice, register, or protest.

## 609.901 through 609.912 Construction Of Racketeering Provisions

Sections 609.902 to 609.912 shall be liberally construed to achieve their remedial purposes of curtailing racketeering activity and controlled substance crime and lessening their economic and political power in Minnesota.

31

## 609.909 ADDITIONAL RELIEF AVAILABLE.

With respect to property ordered forfeited, fine imposed, or civil penalty imposed in a criminal proceeding under section 609.903 or civil proceeding under section 609.911, the district court may, on petition of the prosecuting authority or any other person within 60 days of a final order:

(1) authorize the compromise of claims;

(2) award compensation to persons providing information that results in a forfeiture under section 609.905;

(3) grant petitions for mitigation or remission of forfeiture or fines;

(4) restore forfeited property or imposed fines to victims of a violation of section 609.903; and

(5) take any other action to protect the rights of innocent persons that is in the interest of justice and is consistent with the purposes of sections 609.901 to 609.912.

## 608.48 PERJURY

**Subdivision 1.Acts constituting.** Whoever makes a false material statement not believing it to be true in any of the following cases is guilty of perjury and may be sentenced as provided in subdivision 4:

**Subd. 2.Defenses not available.** It is not a defense to a violation of this section that:
1,2,3,4,5

## 609.496 CONCEALING CRIMINAL PROCEEDS, ATTEMPTED

**Subdivision 1.Crime.**

32

A person is guilty of a felony and may be sentenced under subdivision 2 if the person:

(1) conducts a transaction involving a monetary instrument or instruments with a value exceeding $5,000; and

(2) knows or has reason to know that the monetary instrument or instruments represent the proceeds of, or are derived from the proceeds of, the commission of a felony under this chapter or chapter 152 or an offense in another jurisdiction that would be a felony under this chapter or chapter 152 if committed in Minnesota.

**Subd. 4.Payment of reasonable attorney fees.**

Subdivision 1 does not preclude the payment or receipt of reasonable attorney fees.

## 609.50 OBSTRUCTING LEGAL PROCESS, ARREST, OR FIREFIGHTING.

**Subdivision 1.Crime.**

Whoever intentionally does any of the following may be sentenced as provided in subdivision 2:

(1) obstructs, hinders, or prevents the lawful execution of any legal process, civil or criminal, or apprehension of another on a charge or conviction of a criminal offense;

## 609.86 COMMERCIAL BRIBERY.

**Subdivision 1.Definition.**

"Corruptly" means that the actor intends the action to injure or defraud:

(1) the actor's employer or principal; or

(2) the employer or principal of the person to whom the actor offers, gives or agrees to give the bribe or from whom the actor requests, receives or agrees to receive the bribe.

33

**Subd. 2.Acts constituting.**

Whoever does any of the following, when not consistent with usually accepted business practices, is guilty of commercial bribery and may be sentenced as provided in subdivision 3:

(1) corruptly offers, gives, or agrees to give, directly or indirectly, any benefit, consideration, compensation, or reward to any employee, agent or fiduciary of a person with the intent to influence the person's performance of duties as an employee, agent, or fiduciary in relation to the person's employer's or principal's business; or

(2) being an employee, agent or fiduciary of a person, corruptly requests, receives or agrees to receive, directly or indirectly, from another person any benefit, consideration, compensation, or reward with the understanding or agreement to be influenced in the performance of duties as an employee, agent, or fiduciary in relation to the employer's or principal's business.

**Subd. 3.Sentence.**

Whoever commits commercial bribery may be sentenced as follows:

(1) to imprisonment for not more than five years or to payment of a fine of not more than $10,000, or both, if the value of the benefit, consideration, compensation or reward is greater than $500;

(2) in all other cases where the value of the benefit, consideration, compensation or reward is $500 or less, to imprisonment for not more than 90 days or to payment of a fine of not more than $1,000; provided, however, in any prosecution of the value of the benefit, consideration, compensation or reward received by the defendant within any six-month period may be aggregated and the defendant charged accordingly in applying the provisions of this subdivision; provided that when two or more offenses are committed by the same person in two or more counties, the accused may be prosecuted in any county in which one of the offenses was committed, or all of the offenses aggregated under this clause.

34

## 481.071 MISCONDUCT BY ATTORNEYS.

Every attorney or counselor at law who shall be guilty of any deceit or collusion, or shall consent thereto, with intent to deceive the court or any party, or who shall delay the attorney's client's suit with a view to the attorney's own gain, shall be guilty of a misdemeanor and, in addition to the punishment prescribed by law therefore, shall forfeit to the party injured treble damages, to be recovered in a civil action.

162. Like treble damages, punitive damages go beyond compensating the aggrieved party and are specifically designed to punish defendants whose conduct is considered grossly negligent or intentional. Punitive damages may be awarded at the discretion of the court when the offense is determined to be particularly harmful. They are also called exemplary damages, in that they are intended to set an example to deter future violators.

## PRAYER FOR RELIEF REQUESTED

1. Plaintiff's request for the suspension of Judicial Officer Franklin Reed and Scott Jerry Seiler, On the grounds provided in COMPLAINT and is requested for the violations of The plaintiffs United States Constitutional Bill of Rights violations, the violations of Judicial conduct displayed in the court of Law Under the Color of Law in his Official capacity, and for the criminal actions of the same. **Summary Judgement requested on civil rights violations as before mentioned**

Plaintiff arguably states as facts that these actions will continue to affect others, as well as the plaintiffs due to the fact we have received another demand to vacate the property. **The judges who administer justice in our countries must be seen as ethical and subject to meaningful correction when it is necessary. Nothing less than the rule of law is at stake."**

35

2.    Plaintiff requests that Summary Judgment be entered in the defendants Official and Private capacity, That Immunity not be granted, that the judgment be issued in the Plaintiff's favor on the violations of the Judicial Codes of Conduct, The Minnesota Lawyers Bar Association Violations, and the United States Constitutional civil Rights Violations, and the criminal element allowed to proceed in the courtroom by both officers of the court.

Plaintiffs pray for summary judgment in this action as to the merits provided on civil rights violation and the clear evidence provided that was in the form of legal documentations by the defendants through these proceedings and court ruling and filings, to dispute the validity of these instruments and filings would only be served to delay these matters, when clear evidence is provided. Summary Judgment would detour the long drawn out process of proceedings that can take years for settlement and only serve to damage Plaintiffs further.**Summary Judgement requested on civil rights violations as before mentioned**

3.    Plaintiffs request **"Injunctive relief"** where the Defendant, Scott Jerry Seiler is planning to take further action with the same set of **FORGED INSTRUMENTS** and **CONCLUSIONS IN ERROR** of Referee Franklin Reed, to move against the plaintiffs for another Illegal attempt at removal from the property. Scott Jerry Seiler, clearly stated in **EXHIBIT 10** Dated February 24th 2023, received by certified mail by plaintiffs, Paul Edward Johnson, Marcie Henning, and Nada Van Asch where Lines 14,15,16, Scott Jerry Seiler States, **"Please take notice that, pursuant to Minnesota Statutes Section 504B.135, Marilyn Van Asch is hereby terminating your lease, effective as of 12:00 o'clock,noon (central standard time) on March 15, 2023 ("Termination Date")** Plaintiffs state that Marilyn Van Asch owns the home and "this is not a rental".

36

169. The Lease Extension Agreement is a Forgery and the signatures are applied to the forged Instrument from an unknown source **to facilitate the takeover and Quick sale of the home and to deprive Marcie Henning and Nada Van Asch the rights afforded to them by Minn state statutes as well as a protected assets clause, where Marcie Henning was the sole caregiver of Marilyn for a period exceeding the 2 years required** by state statute,

170. **256B.15 CLAIMS AGAINST ESTATES.**

Subd.4, Other survivors. (a) If the decedent who was single or the surviving spouse of a married couple is survived by one of the following persons, a claim exists against the estate payable first from the value of the non homestead property included in the estate and the personal representative shall make, execute, and deliver to the county agency a lien against the homestead property in the estate for any unpaid balance of the claim to the claimant as provided under this section:

171. (2) a son or daughter or a grandchild who resided in the decedent medical assistance recipient's home for at least two years immediately before the parent's or grandparent's institutionalization and continuously since the date of institutionalization, and who establishes by a preponderance of the evidence having provided care to the parent or grandparent who received medical assistance, that the care was provided before institutionalization, and that the care permitted the parent or grandparent to reside at home rather than in an institution.

172. To the knowledge of the plaintiffs their Grandmother suffers from dementia so there is and can not ever be a change to the living arrangements at the residence and any lease agreement at any point would be an illegal attempt at removal of descendants

37

from rightful possession, and any attempt at selling the home would be in violation of more 609 Crim Codes of 1963.

173.    The plaintiffs request for injunctive relief is to bar the movants in these proceedings from causing even more irreversible damages where there is already a substantial amount of damages plaintiffs have already had to endure throughout these proceedings.

174.    For the forgoing reasons we Pray for INJUNCTIVE RELIEF Barring Scott Jerry Seiler and any third party people involved from any further actions, to allow for the Plaintiffs at the time of passing of their grandmother will take the proper legal measures to rightful ownership of the property threw intervention of the Commissioner of Human Services, where Intervention has been requested for the preparations of ownership rights in the event Grandmother passes.

175.    " Undue hardship does not include action taken by the decedent which divested or diverted assets in order to avoid estate recovery. Any waiver of a claim must benefit the person claiming undue hardship."

176.    The Plaintiffs in this civil complaint are not responsible for any actions being made or taken in an attempt to avoid recovery and are waiting for the proper time to file the proper actions and requests for relief and will be doing so within the rights and within the laws of this State of Minnesota.

177    PLAINTIFFS REQUEST FOR TREBLE DAMAGES, PUNITIVE DAMAGES, COMPENSATORY DAMAGES, as follows and PRAYS for the following RELIEF:

38

That for the deprivation of our Constitutional Civil Rights given by the United States Constitution and adopted by the Minnesota State Constitution the violation of said Constitutional Civil Rights, The rights to be secure in our own home were violated due to this illegal takeover attempt.

Plaintiffs each be awarded the amount of $ 800,000.00 separately. That this be Compensatory and Punitive Damages awarded due to the premeditation and illegal means at which this attempt was conducted, using fraudulently created Instruments and when taken to court not being given the right as indigent defendants the right to state appointed representation, and where the Judicial officer acted in deceit and collusion with the Attorney at law rather than in a Judiciary Manner thereby creating more damage rather than rulings expected by a Judicial Officer, with great power comes an even GREATER responsibility and the Judicial Officer is held to a higher standard than the average Lay Advocate.

Where there were several other civil rights violations and there being a criminal aspect introduced in the court of law, having the Judicial Officer Franklin Reed in collusion with the attorney facilitating time changes to help aid in win by defaults and falsifying entries in the Register of Actions and where the rulings concealed the very criminal aspect in the court of law under oath, and later ruling shielded the record from public view to cover the illegal aspects in the case shows great negligence and in a deliberate way arguably not covered as any Immunity clause may otherwise provide.

**Punitive and or Compensatory Damage in the amount of:**

i)      Paul Edward Johnson $800,000.00, Trebled to the amount of $2,400,000.00

ii)     Marcie Henning $800,000.00, Trebled to the amount of $ 2,400,000.00

39

iii)    Nada Van Asch $800,000.00, Trebled to the amount of $ 2,400,000.00

182.    Plaintiffs would request that due to the **Malicious and intentional actions** of these actors and these being United States Constitutional Violation, while also adopted by The State of Minnesota that this civil rights violation which occurred in the Judicial system by a Judicial officer of the court Referee Franklin Reed and Scott Jerry Seiler, where intentional and not arguable as discretionary decision but in Deceit and Collusion with The Attorney Scott Jerry Seiler, in an attempt to cover the true nature of the proceedings being unlawful.

183    As an Attorney At Law Scott Jerry Seiler at a TRIAL proceeded Under The Color of Law and committed criminal actions knowingly and willfully, and that these actions were preventable with proper Judicial discretion. The plaintiffs would argue constitute the award to be trebled as to the Punitive Damages of intentional and calculated harm created where the Referee Franklin Reed did not report to the Bar Association the Violations of the 609 Crim Codes of 1963 and Violations of the Bar Association, as is the duty all Judicial officers are sworn to uphold, but instead chose to cover up the obvious violations adding to the damages, by carefully making and going threw great lengths to make his conclusions of law that were both in error and negligent in not addressing the Fraudulent Instrument filings in court and allowing the Attorney At Law to use said Instrument in a Trial proceeding knowing this instrument to be created outside the realm of legal scope of the laws of this State Of Minnesota.

184.    The thought and culpability should not be in question where the factual evidence provided by the Plaintiffs is all documentation, orders and Instruments of the court and filed by these officers of the court for the record so there is little

40

to dispute, and where the attempt was made to takeover a home in a "THIEVES AT LAW NATURE" to proceed in the illegal sales of said property.

185. Plaintiff requests that the Judgment be awarded for the treble damages awarding Attorney fees for the Plaintiff in accordance with the loadstar method. In researching the average hourly rate of Constitutional Civil Rights Attorneys in the State of Minnesota the hourly rate is 406.00 per hour and the complainant has over the course of this proceeding in complaint spent as a lay advocate not being versed in law spent 800 hours in preparation of this case and in preparation for the defense in case file 27-CV-HC-22-6118, and this civil litigation File # 27-CV-23-3022, where the damages occurred as before mentioned.

186. Plaintiff Paul Edward Johnson prays for the relief and compensatory Damages be awarded and that the same Trebled punitive Damages be applied to these attorney fees based on the same before mentioned deliberately maliciously intended actions barring the defendants Motions as frivolous and trying to cover these criminal actions up on the record and attempts at blocking this Plaintiffs access to the courts in a manner also deemed to be intentional and malicious to cover their tracks.

187. **AWARD ATTORNEY FEES IN THE AMOUNT OF:**

Paul Edawrd Johnson in the amount of $ 324,000,00 And Trebled to the amount of $ 974,400 for attorney fees and preparation it took to become versed in the law and able to file with some proper manor in these cases.

188. **SUMMARY JUDGEMENT REQUESTED FOR FOLLOWING CONSTITUTIONAL   CIVIL RIGHTS VIOLATIONS AND BEFORE MENTIONED:**

41

a)      Plaintiff argues that Judicial and Quasi- Judicial immunity does not apply due to the deliberate and malicious planning and culpability where on 12-29-2022, The Referee Franklin Reed falsified the court Register of Actions to change the time of the hearing from 1:30 to 9:00 am to aid in the attempt of a win by default and that this was said to be entered on the date of 11-15-2022 which was falsified as the entry on that date does not exist on The Register Of Actions, therefore the information on the date of 12-29-2022 was intended to deceive the Plaintiffs and gain a win by default. Plaintiff looks for evidence of more culpability and behind the scenes collusion as a result of these many EX PARTE communications and unethical illegal actions of these Officers of the court. Please see EXHIBIT 2. **Summary Judgement requested on civil rights violations as before mentioned**

b)      Judicial Officer Franklin Reed went to great lengths to without the actual mention of the Instrument being used to facilitate the takeover of the home being a fraudulent document and allowing the trial to proceed, and afterwards doing his due diligence to help cover the occurrence with ruling of the file without mention without reporting the incident to the proper authorities and later sealing the case from public view as well. Please bring your attention to EXHIBIT 8 Dated February 1, 2023.  **Summary Judgement requested on civil rights violations as before mentioned**

c)      Judicial Officer Franklin Reed on several occasions denied motions stating they were frivolous in nature and at one point stating action would be taken against the Plaintiff if I filed another motion in the court. This was done after the" IFP" In Forma Pauperis Application was GRANTED and done so with the intentions of barring the Plaintiff meaningful access to the courts, after sealing the file from public viewing, and in an attempt to erase the filings from the records.

191    Please bring your attention to EXHIBIT 2 Order Denying Request with EX PARTE communications not reported Dated January 26, 2023 , EXHIBIT, 7 Order Granting IFP, Dated January 26, 2023,and EXHIBIT 5 Order Denying Relief also in EX PARTE communication not reported which was a request for FREEZE on any sale attempts of the home of Marilyn Van Asch where Referee Franklin Reed specifically stated there has been no talk of sales of the property which was false due to the other **EXHIBIT 6** Dated January,12, 2023 also in EX PARTE communications with the Attorney At Law Scott Jerry Seiler, again going unreported Which in lines 12,13,14, specifically states the home was being sold. **Summary Judgement requested on civil rights violations as before mentioned**

192.    d)    Plaintiffs also argue and provide evidence of the Records also being changed in the Housing court Computer system where the FORGED INSTRUMENT is concerned as displayed in **EXHIBIT 14** Dated as filed on 1,14,2023 in the top right hand corner of document. Pages 5 ORIGINAL DISCOVERY OFFERED AND USED ON TRIAL PROCEEDINGS and 2nd Page 5 being the evidence of change when being given a copy by the court clerk on a later date after being released from the Anoka County jail and going to the courthouse and requesting a copy of the entire discovery. This shows collusion and culpability when Officers of the court go off record to cover their tracks, changing court records without an amended motion as is the Rules of the court. **Summary Judgement requested on civil rights violations as before mentioned**

193.    e)    Plaintiffs argue that the Denial of motions submitted by the plaintiffs in the file 27-CV-HC-22-6118 on the Date of February,7,2023 was denied as frivolous to specifically Bar meaningful access to the courts after the approval of an IFP application

**43**

44

on the Date of January,26,2023, and that this was a violation of Plaintiff's civil rights as well for the purpose of covering their tracks as well. In the whole scope of the case this shows a deliberate system to cover constitutional violations and a way to continue their unlawful endeavors, and to be able to continue with the unlawful proceedings. Please bring your attention to EXHIBIT 9 Order Denying motion as frivolous Dated February, 8, 2023 **Summary Judgement requested on civil rights violations as before mentioned**

194. f)     Plaintiffs argue and provide evidence as well in the **EXHIBIT 15,** Deficiency Notice Motions Denied Dated January,18,2023, **EXHIBIT 16,** Dated January, 10,2023 Deficiency Notice Motions Denied, **EXHIBIT 17,** Dated February, 7,2023 Deficiency Notice Motions Denied, NOTE: on this last EXHIBIT you will notice that the Date in the notice to Deny Motions by the defendant was after the date of the " GRANTED " IFP APPLICATION, on the Date of January, 26, 2023,

195.     Plaintiff provides evidence and states as Fact that plaintiffs can successfully argue that these are Constitutional Civil Rights Violations created by the State of Minnesota and that where plaintiffs were denied State Appointed Counsel that the ability to be able to file in these proceedings are not just a Civil Right but a necessity to be able to defend one self in these proceedings.

196.     The State of Minnesota when denied these rights in any court of Law shares in liability to the plaintiff when he was denied these rights to file several Motions which caused him to be blocked from meaningful access to the courts on 3 separate occasions and the plaintiffs were not given the Civil Rights offered by not only the United states Constitution, but also the Adopted Constitutional Rights By this great State of Minnesota and where the right to court appointed counsel as defendants in these proceedings where not given.

197.    Plaintiffs argue that these filings being refused for the lack of filing fees where the loss or property concerned was exceeding the amount of $20.00 as stated in the 7th Amendment constitutional Bill Of Rights, and where the plaintiffs where to stand TRIAL without representation, and forged Instruments were being used, that having no meaningful access to the courts is a violation of their United States Constitutional Civil Rights and that the Plaintiffs have an actionable Civil Rights Case. **Summary Judgement requested on civil rights violations as before mentioned.**

198.    Plaintiffs Pray for **RELIEF:** as requested, and **SUMMARY JUDGMENT:** be entered in Plaintiffs favor for the before mentioned Constitutional Civil Rights Violations and EXHIBITS Entered As Factual Evidence arguably ACTIONABLE in the State of Minnesota, United States District Court.

199.    **PLAINTIFFS DEMAND FOR TRIAL BY JUDGE:**

I, Paul Edward Johnson, swear Under Penalty of Perjury, that the foregoing is true and correct to the best of my knowledge on this 13th day of July, 2023.

Paul Edward Johnson _____ 07/13/2023

Marcie Henning _____ 07/13/2023

Nada Van Asch _____

1907 Willow Ave N. Minneapolis, MN. 55411,

Mobile # 612-306-2987

**45**